# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

GARY HAMELL-EL,                          )
                                         )
       Plaintiff,                  )
                                         )
    vs.                               )          Case No. 4:20-cv-01471-MTS
                                         )
UNITED STATES OF AMERICA,                )
*et al.*,                                )
                                         )
       Defendants.                 )

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendants, the United States of America and the Federal Bureau of Prisons.  The Motion seeks to dismiss Plaintiff's *pro se* Complaint for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  The parties have fully briefed the Motion, and it is ready for adjudication.  Because Plaintiff's Complaint fails even when taking all his factual allegations as true and granting him all reasonable inferences, the Court will grant the Motion and dismiss this case.  *See Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010) (discussing the motion to dismiss standard).

Plaintiff, Gary Hamell-El, alleges that the Federal Bureau of Prisons (the "Bureau") incorrectly calculated his sentence of imprisonment, which caused him to serve one year and four months longer than the time to which he was sentenced.  The Bureau should have released him, he alleges, in 2018 but instead did not release him until January 8, 2020.  Doc. [1] ¶¶ 5–6. He previously made this same allegation to the United States District Court for the Eastern District of Arkansas in an action where he sought a petition for writ of habeas corpus and in which he also asked the court to order the Bureau to amend or correct its records under the Privacy Act, 5 U.S.C. § 552a.  *See Hamell-El v. Rivera*, No. 2:17-cv-00019-JTR, 2018 WL

4326844 (E.D. Ark. June 6, 2018) (Recommended Disposition).  The court dismissed his petition for writ of habeas corpus with prejudice and "dismissed without prejudice" his "request to amend or correct" the Bureau's records under the Privacy Act.  *Hammell-El v. Rivera*, No. 2:17-cv-00019-BSM, 2018 WL 4326805, at *1 (E.D. Ark. Sept. 10, 2018) (adopting the Recommended Disposition "in its entirety"); *see also* Doc. [1] ¶¶ 9–10.

On October 14, 2020, Plaintiff filed the instant action with this Court asserting one claim, a violation of the Privacy Act, codified in relevant part at § 552a; he seeks "actual and punitive damages" under "the provisions of . . . § 552a(g)(1)(C) and (D)" for his sixteen month "false[] imprison[ment]."  Doc. [1] at 5.  Section 552a "contains a comprehensive and detailed set of requirements for the management of confidential records held by Executive Branch agencies." *F.A.A. v. Cooper*, 566 U.S. 284, 287 (2012).  One of these requirements is that an agency must maintain records that it uses in making any determination about any individual "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."  § 552a(e)(5).  If an agency fails to comply with the Act's requirements "'in such a way as to have an adverse effect on an individual,' the Act authorizes the individual to bring a civil action against the agency."  *Cooper*, 566 U.S. at 287 (quoting § 552a(g)(1)(D)).  The United States is liable for actual damages if violations are found to be "intentional or willful."  § 552a(g)(4)(A).

Here, Plaintiff alleges he was harmed by the Bureau's inaccurate records regarding the computation of his sentence and release date, but Plaintiff's claim under the Act fails for at least three reasons—any one of which would be enough to foreclose his claim.  *First*, the Bureau's records that Plaintiff alleges caused him to be wrongfully held past his sentence are "exempt" from § 552a(g).  28 C.F.R. § 16.97(a); *see also Brown v. Bureau of Prisons*, 498 F. Supp. 2d

- 2 -

298, 302 (D.D.C. 2007) ("Plaintiff effectively is barred from obtaining any remedy [under the Privacy Act], including damages, for [the Bureau's] alleged failure to maintain records pertaining to him with the requisite level of accuracy."); *Hamell-El v. Rivera*, No. 2:17-cv-00019-JTR, 2018 WL 4326844, at *7 (E.D. Ark. June 6, 2018) (noting that even if Plaintiff properly brought a claim under the Privacy Act, like he has done here, it "would be futile because the [Bureau's] central file is exempt from the provisions of the Privacy Act").

*Second*, any claim he would have had under § 552a(g), had the Bureau's records not been exempt, would be outside the statute of limitation.  Section 552a(g)(5) provides that an action under the section may be brought "within two years from the date on which the cause of action arises."  A cause of action arises under the Privacy Act when the individual knows or has reason to know of the alleged error in the individual's record and the individual is harmed by the alleged error.  *Green v. Westphal*, 94 F. App'x 902, 904 (3d Cir. 2004) (Lay, Senior J., 8th Cir., sitting by designation); *Doe v. Nat'l Sec. Agency*, 165 F.3d 17 (4th Cir. 1998) (per curiam); *Englerius v. Veterans Admin.*, 837 F.2d 895, 898 (9th Cir. 1988); *Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987).  Here, well over two years have passed since Plaintiff knew of, and would have been harmed by, the alleged error in his record.  In fact, over two years passed between when the United States District Court for the Eastern District of Arkansas dismissed Plaintiff's first Privacy Act claim without prejudice and when he filed this case.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (noting that on motion to dismiss under Rule 12(b)(6) a court may consider materials that are part of the public record as well as materials that are necessarily embraced by the pleadings); *see also* Doc. [1] ¶¶ 9–10.  Since Plaintiff plainly knew about and was allegedly harmed by the supposed record inaccuracies more than two years before he filed this action, the statute of limitation has passed.

- 3 -

*Third*, and finally, issue preclusion blocks Plaintiff from relitigating whether the Bureau correctly calculated his sentence of imprisonment—that is, whether the calculations reflected in the Bureau's records were accurate.  *See Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 335 F.3d 752, 758 (8th Cir. 2003) (discussing issue preclusion and explaining federal courts look to state law to determine whether it applies); *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 500–01 (Mo. banc 1991) (explaining that issue preclusion under Missouri law prohibits an issue of ultimate fact, which was necessarily determined by a valid judgment, from being litigated between the same parties again).  A magistrate judge concluded, in a thorough Recommended Disposition filed in Plaintiff's § 2241 petition for writ of habeas corpus, that the Bureau "properly calculated" Plaintiff's sentence—thereby necessarily determining the Bureau's records reflecting that sentence calculation were accurate.  *Hamell-El v. Rivera*, No. 2:17-cv-00019-JTR, 2018 WL 4326844 at *7 (E.D. Ark. June 6, 2018).  A district judge completed a *de novo* review of that conclusion, and of the record, adopted the Recommended Disposition in its entirety, and dismissed Plaintiff's petition with prejudice.  *Hammell-El v. Rivera*, No. 2:17-cv-00019-BSM, 2018 WL 4326805, *1 (E.D. Ark. Sept. 10, 2018).[1]  Since an identical issue of ultimate fact—whether the Bureau's calculation of Plaintiff's sentence of imprisonment was accurate—already has been determined by a valid judgment on the merits in a case where Plaintiff was a party against a Bureau official, that court's determination that the Bureau's records accurately reflected a correct calculation of Plaintiff's sentence of imprisonment is conclusive here.  *See Liberty Mut. Ins. Co.*, 335 F.3d at 758.

For all these reasons, Plaintiff has failed to state a claim upon which relief can be granted.

---

[1] The Court of Appeals for the Eighth Circuit subsequently completed a *de novo* review and affirmed the judgment denying Plaintiff's challenge to the Bureau's sentence computation.  *See Hamell v. Rivera*, 775 F. App'x 831 (8th Cir. 2019) (per curiam).

- 4 -

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [10], is **GRANTED**.

An appropriate Judgement accompanies this Memorandum and Order.

Dated this 20th day of December, 2021.

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE